

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, <br> ex rel. BETH A. HANKEN, and <br> MIDWEST VENTURES, INC., <br> Plaintiffs, | : <br> : <br> : <br> : | |
| v. | : | CIVIL ACTION |
| PUBLIC WAREHOUSING <br> COMPANY LOGISTICS, EMAD <br> AL-SALEH, ALI MIKAIL, and <br> RICHMOND WHOLESALE MEAT CO., <br> Defendants. | : <br> : <br> : <br> : <br> : | FILED UNDER SEAL <br><br> NO. 06-2677 |

FILED APR 19 2007 MICHAEL E. KUNZ, Clerk By ___ Dep. Clerk

Gene E.K. Pratter, J.        Memorandum and Order        April 19, 2007

This action arises under the False Claims Act, 31 U.S.C. § 3729 et seq. ("FCA"). Beth A. Hanken and Midwest Ventures, Inc., the relators in this action ("Relators"), filed their qui tam complaint in June 2006. The United States subsequently notified the Court and the Relators pursuant to § 3730(b)(4)(B) of the FCA that it will decline to intervene. Shortly thereafter, Marc Lamer, Esquire and Alan M. Grayson, Esquire, counsel for the Relators, filed a motion for leave to withdraw as counsel. No other counsel has sought to enter an appearance for the Relators.

The Government responded to counsel's motion to withdraw by noting that, even though the United States has declined to intervene, it remains the real party in interest in this action. Accordingly, the Government argues that should the Court grant counsel's motion to withdraw, the Relators will be placed in the position of proceeding pro se, which, argues the Government, subjects the Relators' qui tam complaint to dismissal. Counsel for the Relators filed a reply brief, arguing that a relator may proceed pro se in a qui tam action under the False Claims Act. Counsel argues that had Congress intended to preclude a relator from proceeding pro se, Congress could have inserted language to that effect in the False Claims Act.

The defendants have not been served with the complaint, and all documents filed by the Relators and the United States, as well as all of the Court's Orders in this action, remain under seal. Although counsel for the Relators seek to withdraw, and counsel avers that the Relators have consented to counsel's withdrawal, the Court has received no input from the Relators themselves. Therefore, the Court does not know whether the Relators intend to proceed with this action notwithstanding the Government's decision not to intervene and counsel's intent to withdraw. However, the Court finds, as discussed more fully below, that should the Relators seek to proceed with this action, they must retain counsel in order to do so.

**DISCUSSION**

Although no court within the Third Circuit has addressed the issue of whether a relator can proceed pro se in a qui tam action under the FCA, two courts of appeals and several district courts have precluded a relator from proceeding pro se for a variety of compelling reasons.

The Court of Appeals for the Seventh Circuit recently accurately summarized the initial stages of a qui tam action under the FCA as follows:

> A qui tam action is brought by a private party, called the "relator," on behalf of the [United States]. If a qui tam suit under the False Claims Act succeeds, the relator obtains a reward of 25 to 30 percent of the judgment or settlement. 31 U.S.C. § 3730(d)(2). The government gets the rest. Because the government thus has the primary stake in the suit, it is empowered to take it over and prosecute it itself. The complaint is initially filed under seal and served only on the government, which then has 60 days in which to inform the district court that it plans to take over the prosecution of the suit. § 3730(b)(4).

United States ex rel. Lu v. Ou, 368 F.3d 773, 774 (7th Cir. 2004) (Posner, J.). If the Government declines to intervene, a relator has "the right to conduct the action," subject to subsequent intervention by the United States, which a court may permit for good cause. 31 U.S.C. § 3730(b)(4)(B); § 3730(c)(3). In Lu, the court of appeals joined the only other appellate court that
2

had addressed this issue in holding that a "pro se relator cannot prosecute a qui tam action, because he is acting as an attorney for the government." Id. at 775 (citing United States v. Onan, 190 F.2d 1 (8th Cir. 1951), cert. denied, 342 U.S. 869, 96 L. Ed. 654, 72 S. Ct. 112 (1951)). As the court of appeals aptly noted, a relator does not sue on his or her own behalf, but sues on behalf of the United States. Id. While the relator is not actually the government's lawyer, "the same policy that forbids litigants, whether they are corporations, or other organizations, or individuals, such as members of a class or shareholders, to be represented by nonlawyers, is applicable to qui tam suits." Id. (citations omitted).

As a practical matter, the Lu court noted that a party's legal representative may act in ways that bind the party or waive its rights, see id. at 775-76 (citing Lewis v. Lenc-Smith Mfg. Co., 784 F.2d 829, 830 (7th Cir. 1986), and may bind the Government, via res judicata, thus preventing it from bringing suit at a later date when more information is available, see id. at 776 (citing Riley v. St. Luke's Episcopal Hosp., 252 F.3d 749, 763 (5th Cir. 2001); accord United States ex rel. Mergent Servs. v. Flaherty, No. 05-CIV-4921 (HB), 2006 U.S. Dist. LEXIS 16475 (S.D.N.Y. Apr. 6, 2006) ("[T]he United States remains the real party in interest in a qui tam action, with the very real prospect of issue preclusion, even after it has declined to intervene."); United States ex rel. Schwartz v. TRW Inc., 118 F. Supp. 2d 991 (C.D. Cal. 2000) (noting that, even where the government has failed to intervene, and despite the fact that the relator is entitled to share in the recovery in qui tam actions, the United States remains at all times the "real party in interest").

The Seventh Circuit Court of Appeals recently reaffirmed its Lu holding. See United States ex rel. Szymczak v. Covenant Healthcare Sys., No. 06-3107, 2006 U.S. App. LEXIS

32112, 2-3 (7th Cir. Dec. 27, 2006) (holding that a pro se relator cannot prosecute a qui tam action under the FCA). In addition, the Court of Appeals for the Fourth Circuit followed Lu to hold that a pro se relator cannot prosecute a qui tam action under the FCA. See United States ex rel. Brooks v. Lockheed Martin Corp., No. 06-1522, 2007 U.S. App. LEXIS 4010, at *1-2 (4th Cir. Feb. 23, 2007) (per curiam) (unpublished) (noting that although a qui tam relator is entitled by statute to a share of the recovery if his action is successful, "the United States is the real party in interest, and the need for adequate legal representation on behalf of the United States counsels against permitting pro se suits."). No court of appeals has held that a relator may proceed pro se, and every district court to address this issue, with one exception, has precluded a pro se relator from prosecuting a qui tam action under the FCA. See United States ex rel. Mergent Servs. v. Flaherty, No. 05-CIV-4921 (HB), 2006 U.S. Dist. LEXIS 16475 (S.D.N.Y. Apr. 6, 2006); United States ex rel. Rogers v. County of Sacramento, No. Civ. S-03-1658 LLK DAD PS, 2006 U.S. Dist. LEXIS 42448, at *9 (E.D. Cal. June 23, 2006) (recommending that the qui tam action be dismissed without prejudice due to plaintiff's lack of representation by a licensed attorney), adopted by, 2006 U.S. Dist. LEXIS 49919, at 1-2 (E.D. Cal. July 21, 2006); United States ex rel. White v. Apollo Group, Inc., No. EP-04-CA-452-DB, 2006 U.S. Dist. LEXIS 2321 (W.D. Tex. Jan. 6, 2006) (dismissing relator's claims with prejudice because he was unable to prove any set of facts in support of his claim which would entitle him to relief; because dismissal against one relator may not necessarily preclude another relator from bringing the same suit on behalf of the United States, the court dismissed the claims without prejudice as to the United States); United States ex rel. Fisher v. Network Software Assocs., 377 F. Supp. 2d 195, 197 (D.D.C. 2005) (denying relator's pro se complaint under the FCA without prejudice because relator failed to

oppose the defendants' motion to dismiss and failed to provide the court with any indication that he has found or has any prospect of finding counsel); United States ex rel. Rockefeller v. Westinghouse Elec. Co., 274 F. Supp. 2d 10, 16-17 (D.D.C. 2003) (concluding that "absent explicit statutory authorization," a pro se plaintiff is unable to represent the interests of the United States in a qui tam action);[1] United States ex rel. Stronstorff v. Blake Med. Ctr., No. 8:01-CV-844-T-23MSS, 2003 U.S. Dist. LEXIS 25656, at *6 (M.D. Fla. Feb. 13, 2003) (holding that the relevant legal authority and the particular circumstances of the case prohibit the pro se relator from continued prosecution of the FCA action in behalf of the United States); United States ex rel. Schwartz v. TRW Inc., 118 F. Supp. 2d 991 (C.D. Cal. 2000) (concluding, after considering case law regarding analogous instances of pro se representations, res judicata effects, and policy considerations, that a pro se relator was not entitled to bring a qui tam action under the FCA); United States ex rel. Tyler v. California, No. S-98-2130 GEB JFM, 1999 U.S. Dist. LEXIS 22911, at *6 (E.D. Cal. Sept. 24, 1999) (acknowledging that the relator would have a stake in the outcome of the action, but holding that the relator could not proceed without counsel).

The Court has identified only one case where a court has permitted a relator to proceed pro se in a case under the FCA. See United States ex rel. Trice v. Westinghouse Hanford Co., No. 96-CS-171-WFN, 2000 U.S. Dist. LEXIS 8838, at * 32 (E.D. Wash. March 1, 2000) ("In

---

[1] In Rockefeller, the plaintiff conceded that he could not proceed with his qui tam FCA claims without the representation of an attorney. Rockefeller, 274 F. Supp. 2d at 14. Nevertheless, "considering the scarceness of decisions on the issue," the court independently addressed this issue and examined the history underlying the FCA and statutory authorizations for pro se representations. Id. at 15-18. The court concluded that "third party lay representation is not permissible in the FCA context, because the FCA does not specifically authorize it and there are no policy reasons for creating an exception to the general proscription against third party lay representation." Id. at 18.

light of the Ninth Circuit's view that FCA claims are fraud claims assigned by the Government to the private litigant when the Government declines to intervene, [the relator] is allowed to proceed pro se."). However, Trice has been criticized and has not been followed within the Ninth Circuit, or otherwise. See Rogers, 2006 U.S. Dist. LEXIS 42448, at *6 n.2.[2]

The Court finds that the weight of authority heavily favors the position that a relator may not proceed pro se in a qui tam action under the FCA. This position is consistent with the axiom, which has been upheld in a variety of contexts, that a non-lawyer may not represent any person or entity other than himself. See Tyler, 1999 U.S. Dist. LEXIS 22911, at *3-4 (citing Rowland v. Ca. Men's Colony, 506 U.S. 194, 201-03, 113 S. Ct. 716, 121 L. Ed. 2d 656 (1993) (listing cases holding that non-lawyers may not represent partnerships or corporations in federal court); Johns v. County of San Diego, 114 F.3d 874, 876 (9th Cir. 1997) ("[a] guardian or parent cannot bring suit on behalf of a minor in federal court without retaining a lawyer"); In re America West Airlines, 40 F.3d 1058, 1059 (9th Cir. 1994) (per curiam) (holding that a non-attorney may not appear on behalf of a partnership); United States v. High Country Broadcasting Co., 3 F.3d 1244, 1245 (9th Cir. 1993) (per curiam) (non-lawyer sole shareholder may not represent corporation and was properly precluded from intervening and representing himself even where his "interests [were] identical to the corporation's"); C.E. Pope Equity Trust v. United States, 818 F.2d 696, 698 (9th Cir. 1987) (non-lawyer trustee may not appear for trust); Phillips v. Tobin, 548 F.2d

---

[2] See also Sierotowicz v. 189 Ross Assocs. Corp., No. 05-CV-2186 (NGG), 2006 U.S. Dist. LEXIS 22134, at *8 (E.D.N.Y. Apr. 21, 2006) (unpublished) (describing as an "open question" whether the plaintiffs would be allowed to represent the United States in an action under the FCA, but dismissing plaintiffs' claims under the FCA for failure to state a claim and for failing to follow the procedural requirements of § 3730, including the requirement that the action be brought in the name of the United States, be filed under seal and be served upon the United States).

408, 413-15 (2d Cir. 1976) (pro se litigant may not bring shareholders' derivative action)). In the FCA context, where decisions made by the relator may affects rights held by the United States, the reasoning underlying this axiom is particularly sound in light of the fact that the FCA was enacted in 1863 "to protect the funds and property of the Government from fraudulent claims," following disclosure of widespread fraud against the Government during the Civil War. Rainwater v. United States, 356 U.S. 590, 592, 78 S. Ct. 946, 948, 2 L. Ed. 2d 996, 999 (1958)

As noted above, the complaint in this action has been filed under seal and has not been served on the defendants. The Government has declined to intervene, or "take over the prosecution of the suit," pursuant to 31 U.S.C. § 3730(b)(4). While counsel for the Relators have moved to withdraw, the Relators themselves have not indicated whether they intend to retain new counsel in order to conduct this action. What is clear, however, is that the Relators may not proceed without retaining new counsel. The Court will grant Relator's counsel motion to withdraw as counsel, dismiss the Relators' complaint without prejudice, and will allow the Relators sixty (60) days to obtain new counsel. See Safir v. Blackwell, 579 F.2d 742, 745 n.4 (2d Cir. 1978) (noting that the appropriate remedy would not be outright dismissal but a direction that the action be dismissed unless an attorney is retained). If the Relators are able to retain new counsel within sixty days, they may reinstate this action by applying to the Court for such relief.

/s/ Gene E.K. Pratter
Gene E.K. Pratter
United States District Judge

April 19, 2007

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA, :
ex rel. BETH A. HANKEN, and :
MIDWEST VENTURES, INC. :
   Plaintiffs, : CIVIL ACTION
  v. :
    : FILED UNDER SEAL
PUBLIC WAREHOUSING :
COMPANY LOGISTICS, EMAD :
AL-SALEH, ALI MIKAIL, and :
RICHMOND WHOLESALE MEAT CO.,: NO. 06-2677
   Defendants. :

## O R D E R

**AND NOW**, this 19th day of April, 2007, upon consideration of the Motion for Leave to Withdraw as Counsel filed by counsel for Beth A. Hanken and Midwest Ventures, Inc., it is **ORDERED** that:

1. Counsel's Motion for Leave to Withdraw as Counsel is **GRANTED**, and Marc Lamer, Esq. and Alan M. Grayson, Esq. are **GRANTED** leave to withdraw as counsel for Beth A. Hanken and Midwest Ventures, Inc.;

2. The Complaint filed Beth A. Hanken and Midwest Ventures, Inc. is hereby **DISMISSED WITHOUT PREJUDICE**;

3. Messrs. Lamer and Grayson shall provide, by delivery service or other means providing proof of delivery, Beth A. Hanken and Midwest Ventures, Inc. with a copy of this Order and the accompanying Memorandum;

4. Within sixty (60) days from the date of this Order, Beth A. Hanken and Midwest Ventures, Inc. will inform the Court whether they have obtained new counsel and intend to apply to the Court to reinstate this action.

5. All documents filed by the parties or the Court in this action, including this Order and the accompanying Memorandum, shall remain under seal pending further order of the Court.

BY THE COURT:

_____
GENE E.K. PRATTER
United States District Judge